# TIFFANY & BOSCO
### P.A.

**SEVENTH FLOOR CAMELBACK ESPLANADE II**
**2525 EAST CAMELBACK ROAD**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
ljm@tblaw.com
Attorneys for Movant

18-02581

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:<br><br>Gold Star Capital LLC<br><br>Debtor.<br><br>The Bank of New York Mellon FKA the Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OH1, Mortgage Pass-through Certificates, Series 2007-OH1<br><br>Movant,<br>vs.<br><br>Gold Star Capital LLC, Debtor, Office of the U.S. Trustee.<br><br>Respondents. | No. 4:18-bk-06129-BMW<br><br>Chapter 11<br><br>MOVANT'S MOTION TO LIFT THE AUTOMATIC BANKRUPTCY STAY<br><br>RE: Real Property Located at<br>6026 East 33rd Street<br>Tucson, AZ 85711 |

Movant hereby request an order granting relief from the automatic stay of 11 U.S.C. 362(a), to permit Movant to foreclose the lien of its Mortgage/Deed of Trust on real property owned by the debtors in

possession, by trustee's sale, judicial foreclosure proceedings or the exercise of the power of sale, and to obtain possession and control of the real property.

This motion is supported by the attached Memorandum of Points and Authorities, which is incorporated herein by this reference.

Dated this 27th day of July, 2018.

>Respectfully submitted,
>TIFFANY & BOSCO, P.A.
>
>BY  /s/ LJM # 014228
>Mark S. Bosco
>Leonard J. McDonald
>Attorneys for Movant

## MEMORANDUM OF POINTS AND AUTHORITIES

Gold Star Capital LLC filed a voluntary petition for protection under Chapter 11 of the Bankruptcy Code. (No trustee has been appointed and debtors continue to act as debtors in possession.)

Debtor has an interest in certain real property located in Pima County, AZ, more particularly described as:

> Lot 13, of GOLF LINKS ADDITION, a subdivision of Pima County, Arizona according to the map or plat thereof record in the office of the County Recorder of Pima County, Arizona, in Book 13 of Maps and Plats at page 39 thereof.

Non-filing Debtor David W. Erdman, Sr. executed a Note secured by a Deed of Trust, dated January 26, 2007, recorded in the office of the Pima County Recorder's Office. True copies of the Note and Deed of Trust are annexed as Exhibits "A" and "B", respectively, and made a part hereof by this reference. Further, Movant is the assignee of the Deed of Trust. The assignment of record is annexed as Exhibit "C".

The entity which has the right to foreclose is: The Bank of New York Mellon FKA the Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan

Trust 2007-OH1, Mortgage Pass-through Certificates, Series 2007-OH1by virtue of being the holder and owner of the note.

Movant is entitled to Relief from the Automatic Stay pursuant to 11 U.S.C. §362(d)(4). Section 362(d) of the Bankruptcy Code provides, in related part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
>> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or to defraud creditors that involved either—
>>
>>> (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
>>>
>>> (B) multiple bankruptcy filings affecting such real property.

On or about May 8, 2018, David W. Erdman Sr. and Mary Lee Erdman executed a Warranty Deed conveying the subject property to Gold Star Capital, LLC, without authorization from the Movant. The Warranty Deed was recorded with the Pima County Recorder on May 29, 2018, and is annexed as Exhibit "D."

Debtor is in default on the obligation to Movant for which the property is security, and payments are due under the Promissory Note from and after March 1, 2017.

Debtor is in default on their obligation to Movant for which the property is security, and payments are due under the Promissory Note from and after March 1, 2017. The current default amount is set forth below:

| | |
|---|---|
| **4 Monthly Payments at $1,043.75** (March 1, 2017 - June 1, 2017) | **$4,175.00** |
| **7 Monthly Payments at $1,013.31** (July 1, 2017 - January 1, 2018) | **$7,093.17** |

| | |
|---|---|
| 1 Monthly Payment at $990.76 (February 1, 2018) | $990.76 |
| 4 Monthly Payments at $1,015.77 (March 1, 2018 - June 1, 2018) | $4,063.08 |
| BPO Fees | $720.00 |
| Property Inspection Fees | $165.00 |
| Accrued Late Charges | $279.23 |
| Foreclosure Fees and Costs | $2,208.80 |
| Total | $19,695.04 |

Furthermore, a payment becomes due on the 1st day of every month thereafter, and a late charge becomes due on any payment not paid within fifteen (15) days from the date the monthly payment is due.

Debtor is indebted to The Bank of New York Mellon FKA the Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-OH1, Mortgage Pass-through Certificates, Series 2007-OH1 for the principal balance amount of $130,246.17, plus accruing interest, costs, and attorneys' fees.

Movant is informed and believes and therefore alleges that the Debtor and estate have no equity in the property; that the Property is not necessary to an effective reorganization in light of the amount of equity Movant's lien as well as other liens remaining unpaid on the Property; and that the Property, rents, issues and profits therefrom are burdensome and of inconsequential value to the estate.

Further, Movant is informed and believes and therefore alleges that the Debtor and the estate are not adequately protected based upon the Debtor's failure to make payments on a timely basis.

Furthermore, Movant seeks relief for the purpose of foreclosing its Deed of Trust against the Debtor's interest in the real property located at 6026 East 33rd Street, Tucson, AZ 85711.

Further, Movant requests that all communications sent by Secured Creditor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent directly to Debtors.

## CONCLUSION

Movant requests that the court enter an order vacating the automatic stay of 11 U.S.C. Section 362(a) and Movant may immediately enforce and implement the order for relief from the automatic stay as to the debtor, his/her bankruptcy estate, the property, and Movant; to allow Movant to foreclose the lien of its Deed of Trust or Mortgage; to evict debtor and/or successors of debtor; and to obtain ownership, possession and control of the Property.

Movant further requests that any order for relief granted in this case remain in effect in any bankruptcy chapter to which the debtor may convert.

DATED this 27th day of July, 2018.

           TIFFANY & BOSCO, P.A.

           BY /s/ LJM # 014228
              Mark S. Bosco
              Leonard J. McDonald
              2525 East Camelback Road, Ste. 300
              Phoenix, Arizona 85016
              Attorneys for Movant