Kristin McDonald, Esq. (027082)
**McCARTHY & HOLTHUS, LLP**
8502 E. Via de Ventura, Suite 200
Scottsdale, AZ 85258
Phone (877) 369-6122
Fax (480) 302-4101
bknotice@mccarthyholthus.com

Attorneys for Movant,
Wells Fargo Bank, N.A.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

TUCSON DIVISION

|  |  |
|---|---|
| In re:<br><br>Gold Star Capital LLC,<br><br>           Debtor.<br>_____<br>Wells Fargo Bank, N.A.,<br><br>           Movant,<br><br>  v.<br><br>Gold Star Capital LLC, Debtor; U.S. Trustee,<br>Chapter 11 Trustee,<br><br>           Respondents. | Case No. 4:18-bk-06129-BMW<br><br>Chapter 11<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Re:   Real Property Located at<br>       5621 E Alta Vista St<br>       Tucson, AZ 85712 |

Wells Fargo Bank, N.A. ("Movant"), by and through its undersigned attorney, moves

for termination of all stays and injunctions, pursuant to 11 U.S.C. §§ 362(d) and 105, Federal

Rules of Bankruptcy Procedure 4001 and 9014 and Local Rule of Bankruptcy Procedure 4001,

File No. AZ-18-148193           1           Case No. 4:18-bk-06129-BMW
Motion For Relief From Automatic Stay
Case 4:18-bk-06129-BMW   Doc 31   Filed 08/24/18   Entered 08/24/18 13:26:51   Desc
Main Document    Page 1 of 10

1

2  regarding the real property generally described as 5621 E Alta Vista St, Tucson, AZ 85712

3  ("Property").

4          The relief requested in this Motion is proper for all of the reasons set forth in the

5  Memorandum of Points and Authorities attached hereto and incorporated herein by this

   reference.

6
          DATED:  August 24, 2018
7

8                              **McCARTHY & HOLTHUS, LLP**

9

10                             By: /s/   Kristin McDonald
                                  Kristin McDonald, Esq.
11                                8502 E. Via de Ventura, Suite 200
                                  Scottsdale, AZ 85258
12                                Attorneys for Movant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

## MEMORANDUM OF POINTS AND AUTHORITIES

1. On or about 05/30/2018, Debtor filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code.  Pursuant to 11 U.S.C. § 362, the Petition stays the commencement or continuation of any proceedings against the Debtor or any act to obtain possession of any property of the Debtor or to enforce any lien against any property of the Debtor.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1334.  The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

3. On or about 07/16/2015, V.I.P Mortgage, Inc. entered into a contract with John McCann wherein Borrower agreed to pay the amount of $895.31, or more, on or before the first day of every month, beginning on or about 09/1/2015.  The obligation is evidenced by a Note and secured by a Deed of Trust.  **See Exhibit "B" and Exhibit "A"** respectively.  The note is a copy of the promissory note.

4. The Deed of Trust was timely and duly recorded and perfected in accordance with ARIZONA law as Instrument No. 20152020134 in the office of the Pima County Recorder.

5. Wells Fargo Bank, N.A. is now the holder of the Note that is secured by the Deed of Trust and is the real party in interest.  See **Exhibit "C"**.

6. Pursuant to 11 U.S.C. § 362(d)(4), Debtor's filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved the transfer of all or part ownership of the Property without the consent of Movant or court approval.

7. On or around 05/25/2018, Borrower transferred interest in the subject property to GoldStar Capital, LLC, an Arizona Limited Liability Company, subject to all liens, without the knowledge or consent of the Movant and in violation of the terms of the Deed of Trust the Borrower signed.  The Debtor recorded the Warranty Deed on 05/29/2018 as Recorders No. 20181490614 in the office of the PIMA County Recorder. **See Exhibit "D"**.

8. The original principal amount of the Note was $176,700.00, plus interest, costs and attorneys' fees for collection.  Currently, the monthly payment pursuant to the Note would be $1,243.89.

9. The Borrower and the Debtor have failed to make monthly payments, beginning with the month of 10/01/2017, and all subsequent payments, costs, attorneys' fees, interest and accruing late charges. Borrower has been in default for 11 months.

10. As of 08/21/2018, the amount required to fully reinstate the Borrower's loan is approximately $15,185.25, itemized as follows:

| DELINQUENCIES: | | | | |
|---|---|---|---|---|
| Monthly Payments: | 4 at $1,250.52 | $ | 5,002.08 |
| (10/01/2017 through 01/01/2018) | | | |
| Monthly Payments: | 7 at $1,243.89 | $ | 8,707.23 |
| (02/01/2018 through 08/01/2018) | | | |
| Late Charges: | | $ | 134.31 |
| Non-Escrow Advances: | | $ | 1,210.58 |
| MIP | | $ | 131.05 |
| | | | |
| Total Delinquencies: | | $ | 15,185.05 |

11. The next scheduled monthly payment of $1,243.89 is due 09/01/2018, and continuing each month thereafter. However, this amount may be subject to change pursuant to the terms of the applicable loan documents.

12. As of 08/21/2018, the approximate total amount owing on the Note secured by the Deed of Trust is $181,776.37.

13. Movant has performed all of its obligations required under the Note and Deed of Trust, and all conditions precedent to the Debtors' performance there under have occurred.

### MOVANT IS NOT ADEQUATELY PROTECTED.

14. Movant is not adequately protected. Movant is not receiving regular monthly payments from the Borrower or the Debtor, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Movant pursuant to 11 U.S.C. § 362(d)(1).

## DEBTOR HAS NO EQUITY IN THE PROPERTY ANDTHE PROPERTY IS NOT NECESSARY FOR AN EFFECTIVE REORGANIZATION.

15. Pursuant to 11 U.S.C. § 362 subd. (d)(2), Movant is entitled to relief from the automatic stay to enforce its lien if Debtor has no equity, and the Property is not necessary for an effective reorganization. Unless a reorganization is contemplated and feasible, a creditor is entitled to relief from the automatic stay if the Debtor has no equity in the Property. In Re Diplomat Electronics Corp., B.R. 688 (Bank S.D.N.Y. 1988). Moreover, the Debtor is not the borrower pursuant to the Note and Deed of Trust and no privity of contract exists between the parties.

16. Movant requesting relief from the stay has the burden of proof on only one issue. That is the issue of the Debtor's equity in the Property. On all other issues, any party opposing relief has the burden of proof. 11 U.S.C. § 362(g). Unless a party opposing relief produces evidence on these points, Movant is entitled to relief without presenting any evidence whatsoever. Gauvin v. Wagner (In re Gauvin), 8 C.B.C. 2nd 359, 361; 10 BCD 219; 24 B.R. 578 (9ᵗʰ Cir. BAP 1982). Moreover, if a party opposing relief alleges that an "equity cushion" furnishes adequate protection, then that party must produce evidence and carry the burden of proof even on the issue of equity.

17. The current value of the Debtor's subject Property is $155,000.00 based upon the Debtor's own value as set forth in **Exhibit "E"**.

18. In determining whether there is equity, all encumbrances on the Property, including costs and attorney's fees, must be considered. In Re McCall, 25 B.R. 199 (Bank E.D. PA 1982). In addition, the valuation assigned to the subject Property must be reduced by an amount sufficient to cover the creditor's estimated cost of liquidating the property. La Jolla Mortgage Fund v. Rancho El Cajon Associates (In re Rancho El Cajon Associates), 18 B.R. 283 (Bank. S.D. Cal. 1982).

19. Based upon Movant's past practices, it is expected that the cost of sale of the property will be at least eight to ten percent of the value of the property.

20.  In the present case, the Debtor has little or no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Movant herein and the other liens as noted in this Motion.

| | | |
|---|---|---|
| Value | $ | 155,000.00 |
| Total Liens to Secured Creditor | $ | 181,776.37 |
| Less 8% Cost of Sale | $ | 12,400.00 |
| Equity | $ | (39,176.37) |

21.  Based on the foregoing, Movant alleges that there is no equity in the subject Property and the Property is not necessary for an effective reorganization.  Accordingly, relief from the automatic stay should be granted to Movant pursuant to   11 U.S.C. § 362(d)(2).

22.  A Notice of Trustee's Sale was recorded on 04/18/2018, and the foreclosure sale was scheduled for 08/08/2018.

23. Movant sent notice as required by Local Rule 4001-1(b).

24. Debtor executed a promissory note secured by a mortgage or deed of trust.  The promissory note is either made payable to Creditor or has been duly endorsed.  Creditor, directly or through an agent, has possession of the promissory note.  Creditor is the original mortgagee or beneficiary or assignee of the mortgage or deed of trust.

**DEBTOR'S BANKRUPTCY PETITION IS A PART OF A SCHEME TO DELAY, HINDER, OR DEFRAUD CREDITORS PURSUANT TO 11 U.S.C. §362(d)(4).**

25. 11 U.S.C. §362(d)(4) provides in pertinent part the Court shall grant relief from the automatic stay "with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved…transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval…"

26. 11 U.S.C. §362(d)(4)(B) further provides:

> If recorded in compliance with applicable State laws governing
> notices of interests or liens in real property, an order entered under

paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court…

27.  Due to the transfer of interest in the Property in violation of the Deed of Trust and without the consent of Secured Creditor or Court approval and a mere five days before the commencement of the above captioned Bankruptcy action, Secured Creditor has been forced to continue and/or delay foreclosure of the subject Property.

28.  Thus, the facts plainly establish Debtor's bankruptcy filing is part of a scheme to delay, hinder, or defraud Secured Creditor.

29.  Secured Creditor is entitled to *in rem* relief from the automatic stay pursuant to 11 U.S.C. §362(d)(4).

## CONCLUSION

1.  Movant's claim is in default and unpaid by the Borrower or the Debtor.

2.  Movant's only form of redress is to look to the secured property.

3.  Costs, attorneys' fees and interest continue to mount on Movant's claim, thus completely eroding any and all equity that may be claimed by Respondent.

4.  This property is not required for any reorganization.

5.  Movant is not adequately protected.

6.  Movant is a secured creditor who is at dangerous peril of becoming undersecured as a result of the stays which enjoin Movant from foreclosing its lien. Therefore, pursuant to 11 U.S.C. § 362(d)(2), this Motion should be granted to avoid further erosion of Movant's secured lien position.

/ / /

/ / /

/ / /

## REQUEST FOR RELIEF

WHEREFORE, Movant requests that the Court enter its Order granting the following relief:

A.   Terminating all stays and injunctions including, but not limited to, the automatic stays under Bankruptcy Code § 362(a)(2) and 105 with respect to the property which is described herein as to the Movant only;

B.   That Movant may offer loss mitigation alternatives to the Debtor by telephone and/or written correspondence;

C.   For Movant's reasonable attorneys' fees and costs and interest herein incurred and expended; and

D.   That the Order be binding and effective in any bankruptcy case commenced by or against any Debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion without further notice upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law;

E.   That the Order be binding and effective in any future bankruptcy case, no matter who the Debtor may be without further notice upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law;

F.   That the Debtor be enjoined from transferring all or any portion of the Property for a period of 180 days from the hearing of this Motion, and any transfer in violation of this Order be deemed void;

G.   For such other and further relief as the Court deems just and equitable

DATED:  August 24, 2018

**McCARTHY & HOLTHUS, LLP**


By:_/s/   Kristin McDonald_____
  Kristin McDonald, Esq.
  8502 E. Via de Ventura, Suite 200
  Scottsdale, AZ 85258
  Attorneys for Movant

File No. AZ-18-148193        8        Case No. 4:18-bk-06129-BMW
Motion For Relief From Automatic Stay
Case 4:18-bk-06129-BMW   Doc 31   Filed 08/24/18   Entered 08/24/18 13:26:51   Desc
Main Document    Page 8 of 10

On 8/24/2018, I served the foregoing documents described as **MOTION FOR RELIEF FROM AUTOMATIC STAY** on the following individuals by electronic means through the Court's ECF program:

COUNSEL FOR DEBTOR
Kasey C. Nye
knye@waterfallattorneys.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/   Salvador Arroyo
Salvador Arroyo

On 8/24/2018, I served the foregoing documents described as **MOTION FOR RELIEF FROM AUTOMATIC STAY** on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

UNITED STATES TRUSTEE
Phoenix Division
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706

COUNSEL FOR DEBTOR
Kasey C. Nye
Waterfall Economidis Caldwell Et Al
5210 E Williams Circle, Suite 800
Tucson, AZ 85711

DEBTOR
Gold Star Capital LLC
2960 N Swan Rd ste. #136
Tucson, AZ 85712

BORROWER
John Mccann
5621 E Alta Vista St
Tucson, AZ 85712

TRUSTEE
U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003

TRUSTEE COUNSEL
Edward K. Bernatavicius
United States Trustee
230 N 1st Ave, Suite 204
Phoenix, CA 85003

SPECIAL NOTICE
PNC Bank, National Association
Attn: Bankruptcy Department
3232 Newmark Drive
Miamisburg, OH 45342-5421

TIFFANY & BOSCO, P.A.
Seventh Floor Camelback Esplanade II
2525 E. Camelback Road
Phoenix, AZ 85016-9240


**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ wai tang

wai tang